Frazier, J,
From the record and agreed statement of facts it appears ■that Joseph T. Hinton died intestate March 27, 1898, ■leaving Amanda L, Hinton his widow, and Maud Hinton, a minor over fifteen years of age, Edna Hinton, Charles Hinton, Raymond Hinton, and Walter Hinton, minors under fifteen years of age, That Joseph T, Hinton , at the time of his death, was the owner of a house and lot in the village of Rarnesville which was incumbered to its value, and a small amount of personalty not sufficient to pay his preferred debts and the allowance to his widow and ■children under fifteen years of age for their year’s support.
That Amanda L. Hinton, widow of Joseph T, Hinton, died intestate July 26, 1899, leaving the children herein-before named her only heirs a( law, Maud. Hinton being over fifteen year of age, and the other four under fifteen year of age at the time of her death.
On May 20, 1899, one Harrison Brady was appointed ■and qualified as administrator on the estate of Joseph T. Hinton and caused an inventory and appraisement to be made, and there was 3et off to the widow and four minor children under fifteen years of age, such • of the articles named in section 6038, Revised Statutes of Ohio, of which Joseph T, Hinton died seized, and they were included and stated in-the inventory of the estate and signed by the appraisers, without appraising the same; and there not ■being property of a suitable kind to set off to the widow and children, the appraisers certified the sum of thirty dollars in money to each, as necessary for the support of such widow and minor children under fifteen years of age; no part of which has been paid,
On July 31, 1899, Theodore Chappell was, by the probate court of Belmont county, duly appoioted and qualified as administrator on the estate of Amanda L, Hinton, gave bond aud proceeded to act as such, and August 9, 1899, -with the aid of appraisers duly appointed and qualified, *216 made an inventory of her estate, and afterward returned it' to the probate court.
In such inventory, the appraisers set off to her four minor children under the age of fifteen years such of the property named in section 6038, Revised Statutes of Ohio, of which. Amanda L, Hinton died seized,and they were included and-stated in the inventory of her estate and signed by the appraisers without appraising the same, and there not being-property of a suitable kind to set off to the minor children under the age of fifteen years, the appraisers certified the sum of one hundred and fifty dollars to each of her minor children under fifteen years of age, or to the four six hundred dollars, as necessary for their support for twelve months from the death of the decedent.
The inventory and appraisement, including the schedule-of property set off to and allowances to her children under fifteen years of age, was by the administrator duly returned to and filed in the probate court of Belmont county.
February 10, 1900, George W. Hance, who had theretofore been duly and legally appointed guardian of Maud Hinton, the minor child of Amanda L. Hinton, under favor of section 6024, Revised Statutes of Ohio, filed in the probate court exceptions to the inventory.
The statute is as follows:
(Section 6024) “At any time within one year after the-return of an inventory, any person interested in the estate-may file exceptions to the inventory; and thereupon the court shall set a day for the hearing thereof, and cause written notice of such filing and of the time so fixed for the hearing to be given to the executor or administrator, not less than five days before the time so fixed for the hearing; and for good cause the hearing may be continued for such time as the court shall deem reasonable; and at the hearing the executor or administrator, and any witness subpoenaed by either party, may be examined under oath, and the court shall enter its finding on the journal and tax the costs-as may be equitable; and an appeal may be taken to the court of common pleas, by either party, from any finding, order, judgment or decision of the probate court on the-hearing of Baid exceptions to the inventory, as in other-cases.”
*217 Upon hearing the probate court held and decided that the minor children under fifteen years of age of Amanda L. Hinton were not entitled to receive out of her estate, the property and year’s support set off and allowed to them in the inventory, and ordered that schedule “A” making such allowances be stricken out,
From such order and judgment of the probate court Theodore Chappell, as administrator, appealed to the court of common pleas. It is not claimed but that the appeal is, in all respects regular, and in conformity with law, unless, Chappell is required to give a bond to perfect the appeal.
In the court of common pleas, Hance, as guardian of' Maud Hinton, filed a motion to dismiss the appeal, because Chappell as administrator had neglected and failed to file in, the probate court a bond for appeal. It is contended that the appeal is not in the interest of the trust. Section 6108, Revised Statutes, provides;
“When the person appealing from any judgment or order in any court, or before any tribunales a party in a fiduciary capacity, in which he has given bond in this state for the-faithful discharge of his duties, and appeals in the interest, of the trust, he shall not be required to give bond, but shall be allowed to appeal, by giving written notice to the-court of his intention to appeal within the time limited for giving bond.”
It is insiated on behalf of the plaintiff in error, that the appeal was not “in the interest of the trust”, and counsel argue in support of the proposition, that, by the allowances to the minor children under fifteen years of age, the assets, in the hands of the administrator will be reduced by that-sum; we do not concede the proposition, or that, if true, it; would be a correct test. The amount of the trust estate and, property is the same whether the allowance to the children, under fifteen years of age is sustained or set aside; but the result will increase or diminish the distributive share of' Maud, the child over fifteen years of age. It is the duty of the trustee and “in the interest of the trust” that the. trust estate be properly administered, and that it reaches, the persons entitled to receive it. Nor does it depend upon the final result of the action or proceeding; if the trustee, act with ordinary care and prudence and in good faith, and, *218 not for his personal interest, he may appeal without giving bond.
What is in the interest of the trust has not been directly decided or clearly defined by our supreme court.
In Collins, Executor, v. Millen et al., 57 Ohio St., 289, the second proposition of the syllabus is,
“Where one who is a party in a fiduciary capacity to an action or proceeding, appeals from a judgment therein affecting adversely his own pecuniary interests, he is required by section 6408, Revised Statutes, to give an appeal bond.”
Bradbury, J., in the opinion says:
“Where exceptions have been filed to an account of an executor or other trustee, he is, at once, in respect of the matters to which the exceptions extend, placed in the .attitude of hostility to the trust estate. As to such matters the estate is in fact represented by the exceptors; they seek to add to it, while his pecuniary interest tends to direct his efforts to its diminution. If they prevail in the contest, the funds of the estate are increased; if on the contrary, he is successful, these funds are diminished. In respect to such controversies the legislature may be presumed to have considered the real attitude borne by the parties, rather than their nominal relation thereto, and, therefore, to have purposely added the clause under consideration to prevent an executor, or other fiduciary party, who for the time being, ■and in respect of the matter in hand, should be interested ■adversely to his trust estate, from using a bond to injure an ■estate where it had been given for its protection and to require of him an independent bond in case he wished to protract a controversy carried on by him adversely to the ■estate, and for his own pecuniary benefit.”
In Biddle, Trustee, v. Phipps et al., 2 Circuit Court Reports, 61, it is held,
“An assignee of an insolvent estate having a personal ■claim against the estate, cannot appeal from a judgment ■against him in the probate court without giving bond. ¡Such appeal is not in the interest,of the trust.”
The court of common pleas overruled the motion to dismiss the appeal,to which ruling the plaintiff in error excepted,and the cause was submitted to this court upon an agreed *219 statement of facts, which is made part of the record by bill of exceptions. No evidence was offered or other facts stated, and upon the facts agreed upon, the.court of common pleas held and decided, that the minor children under fifteen years of age were entitled to the property and allowances, for year’s support as set off to them in the inventory, and gave judgment accordingly.
George W, Hance, as guardian of Maud Hinton, files ip this court a petition in error to reverse the holding and judgment of the court of common pleas.
Counsel for defendant in error contend that, in order to review the judgment of the court of common pleas, a motion should have been made in that court to set aside its finding and judgment, or for a new trial, and as no such motion was made, this court can not review the finding and judgment of the court of common pleas.
Was the making and overruling of a motion for new trial in the court of common pleas, necessary to a review of its judgment in this couri ? We do not so understand the law, There was no issue of fact. The facts were all ascertained and. agreed upon by the parties; their agreed statements took the place of a special verdict by a jury, leaving the court nothing to find, and only the naked duty of declaring the law upon the given statement of admitted, facts. The finding of the court, to review which a motion for new trial is necessary, is a finding of facts from the evidence. It does not embrace conclusions of law arising upon the facts.
This holding is fully sustained by the principle an* nounced in the following cases: Clinton Bank of Columbus v. Ayres & Neil, 16 Ohio, 282, 287; Earp Supervisor v. Railroad Co , 12 Ohio St., 621; Westfall v. Dugan et al., 14 Ohio St., 276; McGonigle et al., v. Arthur et al., 27 Ohio St., 251, 257; Brown & Co. v. Mott & Brother, 22 Ohio St., 149, 159; Lockwood v. Krum, 34 Ohio St., 111.
The principal contention involves the contruction of the •first paragraph of section 6038, Revised Statutes, which reads:
“When any person shall die, leaving a widow, or minor child or children under the age of fifteen years, the following property shall not be deemed assets or'administered as such, but shall be included and stated in the inventory of *220 the estate, and signed by the appraisers, without appraising the same”.
A proper construction requires an examination of our legislation on this subject.
In the ‘‘act to provide for the settlement of estates of deceased persons”, passed March 3, 1840, 38 Ohio Laws, 146, the first paragraph of section 43 reads: ‘‘When a man having a family, shall die leaving a widow or a minor child, the following articles shall not be deemed assets, nor administered as such, but shall be included and stated in the inventory of the estate, and signed by the appraisers without being appraised.” (Here follows a list of the property not to be deemed assets.)
Section 43 was amended May 12, 1868, 65 Ohio Laws, 180, so as to read: ‘‘Section 43. That when any person shall die leaving a widow or minor child or children under the age of fifteen years, the following property shall not be deemed assets or administered as such, but shall be included and stated in the inventory of the estate, and signed by the appraisers, without appraising the same.” The other paragraphs of the section were.changed to materially alter and increase the amount and character of the property to be thus set off by the appraisers. Section 43, as amended May 12, 1868, is literally copied into the Revised Statutes, and becomes section 6038 thereof. Sections 6039, 6040, 6041 and 6042 of the Revised Statutes are literal copies of sections 44, 45 and 46 of the act of March 23, 1840, and provide:
‘‘Section 6039. The said articles, except the wearing apparel of the deceased, shall remain in the possession of the widow during 'the time she shall live with and provide for such minor child or children. When she shall cease to do so, she shall be allowed to retain as her own, her wearing apparel, her ornaments, and one bed, bedstead, and bedding for the same, and the other articles so exempted and not consumed, shall then belong to such minor child or children. If there be a widow and no minor child or children, then the said articles shall belong to such widow. ”
‘‘Section 6040. The appraisers shall also set off and’ allow to the widow and children under the age of fifteen years, if any there be, or if there be no widow, then to such *221 children, sufficient provisions or other property to support them for twelve months from the death of the decedent, and if the widow or such children have, since the death of the deceased, and previous to such allowance, consumed for their support any portion of the estate, the appraisers shall take the same into consideration in determining the amount of the allowance. ”
“Section 6041. When there is not sufficient personal property, or property of a suitable kind, to set off to the widow or children, as provided in the preceding section, the appraisers shall certify what sum,or further sum, in money, is necessary for the support of such widow or children.”
“Section 6042. The appraisers shall not include in the inventory the provisions, property, or money set off and allowed by them to the widow or children, but the same shall be stated in a separate schedule, signed by them, returned with the inventory, to the court, by the executor or administrator,”
■ It is apparent, that the object of the legislature by the amendment to section 43, by act of May 12, 1868, was to increase the amount of property to be set off to the widow and minor children, by that section; and to limit the right of children to allowance under it, to those under fifteen years of age, instead of by their minority.
Did the legislature intend by the substitution in the amended section, of the words or phrase, “When any person shall die, leaving a widow or minor child or children under the age of fifteen years”, instead of the words, “When a man, having a family, shall die leaving a widow or minor child”, as used in the original act, intend thereby to extend its provisions to the estate of any person dying, other than of “a man having a family”? We think it did not. The subsequent sections remain unchanged, and their language is inconsistent with the construction now contended for by the defendant in error. The section, as amended May 12, 1868, is to be construed as if it was a part of the original act, passed at the same time with it.
We adopt the language used by Boynton, J., in State ex rel. v. Commissioners of Shelby County, 36 Ohio St., 326, 330:
“The court is only warranted in holding the construction of a statute, which has undergone a revision, to be changed, *222 when the intent of the legislature to make such change ie clear, or the language used in the new act plainly requires such change of construction to be made.
Geo. A. Colpitis, for Plaintiff in Error
Petty & Crew, for Defendant in Error.
“Neither an alteration in praseology, nor the omission or addition of words in the latter statute necessarily require a-change of construction. Conger v. Barker, 11 Ohio St., 1; Sedgw. on Stat. and Constitutional Law, 299, 365; Williams v. The State, 35 Ohio St., 175. The intent to give to the new act a different effect from the old one should be clearly manifested. Here there was no substantial-change in the phraseology of the two acts, certainlyn one in-the meaning and effect. The same construction, therefore, must now prevail. ”
In Conger et al. v. Barker’s Administrator and Heirs, 11 Ohio St., 1, 13; Sutliff, J., says:
“It is a well settled rule, that in the revision of statutes neither an alteration in phraseology, nor the omission or addition of words, in the latter statute, shall be held necessarily to alter the construction of the former act. And the court is only warranted in holding the construction of a statute when revised, to be changed, where the intent of the legislature to make such change is clear, or the language used in the new act plainly requires such change of construction. Such was the holding of this court at the last term in the case of Ash v. Ash and others, 9 Ohio St. Rep., 387. See also 9 Ohio St. Rep., 418, for the authorities there cited. ”
This principle is further sustained by the cases of State ex rel. v. Commissioners of Shelby County, and Conger et al. v. Barker’s Administrator and Heirs, supra; Ash v. Ash et al., 9 Ohio St., 383; Tyler’s Exrs v. Winslow, 15 Ohio St., 364, 368; City of Warren v. Davis, 43 Ohio St., 447, 449.
As originally enacted the statute could receive but one construction, and so far as we know has uniformly received1 the same construction since the amendment of May 12,. 1868, and we think it to be the correct one.
Judgment of the court of common pleas reversed, and upon the agreed statement of facts, we hold the minor children-of Amanda L, Hinton are not entitled to the allowances as set off to them by the appraisers,